IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE A. VARGAS, #11190-089, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 16−cv−01376−JPG |
| vs. | ) ) |
| LIEUTENANT SMITH and UNITED STATES OF AMERICA, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

During his incarceration at the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"), Plaintiff Jose Vargas brought this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In the Complaint, Plaintiff alleges that he was attacked by a gang known as the "Latin Folks" one week after being released from protective custody into the general prison population in August 2016. (Doc. 1, p. 5). Plaintiff sustained a serious head injury, which the prison's medical staff allegedly failed to properly treat. *Id*. In connection with these events, he asserts a claim under the FTCA against the United States and an Eighth Amendment claim against Lieutenant Smith. *Id*. Plaintiff seeks monetary relief. (Doc. 1, p. 6).

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives screening under this standard.

## **The Complaint**

At his request, Plaintiff was placed in protective custody in the Special Housing Unit ("SHU") at FCI-Greenville when he transferred there in June 2016. (Doc. 1, p. 5). Plaintiff notified prison officials that the Latin Folks had targeted him for attack, and his life was in danger. *Id*. He remained in protective custody until August 2, 2016. *Id*.

On that date, Lieutenant Smith pulled Plaintiff from his cell and notified him that he was being transferred into the general prison population. (Doc. 1, p. 5). Plaintiff informed Lieutenant Smith that he would be assaulted by the Latin Folks, if he was placed in the general population. *Id*. But the lieutenant explained that Plaintiff's threat assessment was deemed "unverified" after members of the gang said they had no intention of harming him. *Id*. Plaintiff warned Lieutenant Smith that this was simply a ruse aimed at securing Plaintiff's release into the

general population so that the gang could carry out its plan to attack him. *Id*. Lieutenant Smith was unpersuaded by these comments. *Id*. He transferred Plaintiff anyway. *Id*.

On August 9, 2016, the Latin Folks "savagely attacked" Plaintiff. (Doc. 1, p. 5). He sustained serious head injuries during the attack. *Id*. Even so, prison medical personnel did not send Plaintiff to the hospital for immediate evaluation and treatment, even after he asked them to do so. *Id*. He does not describe what medical care was provided on site at the prison, if any. *Id*. However, Plaintiff alleges that he still suffers from headaches, dizziness, and blurred vision. *Id*.

Plaintiff now brings a claim for money damages against the United States under the FTCA, based on the negligence of the prison officials. (Doc. 1, pp. 5-6). In addition, he asserts an Eighth Amendment claim against Lieutenant Smith under *Bivens*. *Id*.

## **Merits Review Under 28 U.S.C. § 1915A**

To facilitate the orderly management of future proceedings in this case and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claims in Plaintiff's *pro se* Complaint into the following counts:

> **Count 1 -** Defendant United States, by and through the negligence of Defendant Lieutenant Smith, is liable under the Federal Tort Claims Act for failing to protect Plaintiff from an assault by the Latin Folks on or around August 9, 2016.
>
> **Count 2 -** Defendant Lieutenant Smith failed to protect Plaintiff from an excessive risk of assault by the Latin Folks by releasing him into the general prison population at FCI-Greenville in August 2016, in violation of the Eighth Amendment and pursuant to *Bivens*.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding the merits. As discussed in detail below, both claims survive preliminary review under § 1915A and are subject to further review.

## Claims Subject to Further Review

### Count 1

Federal inmates who sustain injuries in custody as a result of the negligence of prison officials may bring suit under the Federal Tort Claims Act ("FTCA"). *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The FTCA authorizes "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). When determining whether a duty was breached and was the proximate cause of the plaintiff's injuries, courts apply the state tort law of the state where the tort occurred. *Parrott v. United States*, 536 F.3d 629, 637 (7th Cir. 2008); *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).

In this case, Plaintiff's injuries resulted from conduct that occurred in the State of Illinois, so Illinois law governs his FTCA claim. In order to state a claim for negligence under Illinois law, a complaint must allege facts establishing that the defendant owed Plaintiff a duty of care, the defendant breached that duty, and the breach was the proximate cause of Plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross,* 879 N.E.2d 278 (2007)). According to the Complaint, Plaintiff was assaulted by the Latin Folks one week after Lieutenant Smith transferred Plaintiff from protective custody into the general population, despite Plaintiff's warnings that doing so would result in an attack. (Doc. 1, p. 5). These allegations are sufficient to support an FTCA claim against the United States at screening.

Plaintiff shall be allowed to proceed with his FTCA claim. However, he can only proceed with the claim against the United States. This is because "[t]he only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008);

*Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). *See* 28 U.S.C. § 2679(b). Therefore, Count 1 shall be dismissed with prejudice against Lieutenant Smith.

**Count 2**

A federal prisoner may pursue a claim for a constitutional tort against individual federal officials under *Bivens*, in much the same way a state prisoner may pursue a constitutional claim against state officials under § 1983. *See King v. Federal Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005). Individual participation and involvement in a constitutional deprivation is required to state a claim against a defendant in both contexts. *Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011). "[T]he plaintiff must allege facts which show that the individual defendant was personally involved in the deprivation of the plaintiff's constitutional rights." *Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997).

The suit charges Lieutenant Smith with a violation of Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment. Deliberate indifference is required to support a claim under the Eighth Amendment. *Arnett*, 658 F.3d at 751. It is more than negligence or even gross negligence. *Id*. Deliberate indifference "approaches intentional wrongdoing." *Id*.

A claim of deliberate indifference for failure to protect an inmate does not arise every time an inmate is attacked by another inmate. This standard is only satisfied if the plaintiff can demonstrate that the prison official knew of and disregarded an excessive risk to inmate health or safety. *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Once a prison official becomes aware of a risk, the official has an obligation to "take reasonable

measures to abate" the serious risk of harm. *Dale*, 548 F.3d at 569 (citing *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006)).

The allegations in the Complaint suggest that Lieutenant Smith was aware of the risk that Plaintiff would be attacked by the Latin Folks. (Doc. 1, p. 5). Plaintiff repeatedly told the lieutenant that the Latin Folks were targeting him. *Id*. He requested continued placement in protective custody because of the threat posed by the gang. *Id*. The lieutenant chose to move Plaintiff to the general prison population anyway, and the Latin Folks attacked Plaintiff a week later. *Id*. In light of these allegations, the Eighth Amendment claim in Count 2 shall receive further review against Lieutenant Smith pursuant to *Bivens*. However, Plaintiff cannot proceed with this claim against the United States, and Count 2 shall therefore be dismissed with prejudice against this defendant.

### Claims Not Subject to Further Review

No claim arises from the conduct of FCI-Greenville's medical staff. To begin with, Plaintiff failed to name any member of the prison's medical staff as a defendant in this action. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Plaintiff's failure to name a member of the medical staff as a defendant is fatal to any *Bivens* claim he intended to bring.

Also fatal to his *Bivens* claim is the fact that Plaintiff included insufficient allegations to state any claim for relief against an individual member of the medical staff. He simply alleges that the medical staff's conduct fell below community standards of care. He offers no indication

of what, if any, care the medical staff provided at FCI-Greenville. Plaintiff simply disagrees with their decision not to send him for immediate outside treatment at a hospital. The threadbare allegations certainly do not suggest that the medical staff exhibited deliberate indifference toward Plaintiff's serious medical condition in violation of the Eighth Amendment. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, Plaintiff cannot pursue a claim under *Bivens* against any individual member of the prison's medical staff. This claim should be considered dismissed without prejudice.

The fact that Plaintiff also failed to file an Affidavit/Certificate of Merit along with his Complaint precludes him from pursuing a claim for relief under the FTCA based on the negligence of medical staff. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a).

A separate affidavit and report must be filed as to each defendant. *See* 735 ILL. COMP. STAT. § 5/2-622(b). Plaintiff filed no Affidavit/Certificate of Merit. Without one, he cannot pursue relief for the negligence of FCI-Greenville's medical staff against the United States under the FTCA. This aspect of the FTCA claim is considered dismissed without prejudice.

**Pending Motions**

Plaintiff filed two Motions for Recruitment of Counsel (Docs. 3, 5), which shall be **REFERRED** to a United States Magistrate Judge for a decision.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendant **UNITED STATES**. However, this claim is **DISMISSED** with prejudice against Defendant **LIEUTENANT SMITH** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 2** is subject to further review against Defendant **LIEUTENANT SMITH**. However, this claim is **DISMISSED** with prejudice against Defendant **UNITED STATES** for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that all claims arising from the conduct of FCI-Greenville's medical staff are considered **DISMISSED** without prejudice from this action.

**IT IS ORDERED** that with regard to **COUNT 1**, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on Defendant **UNITED STATES OF AMERICA**; the Clerk shall issue the completed summons. Further, with regard to **COUNT 2**, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendant **LIEUTENANT SMITH**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendant

**LIEUTENANT SMITH** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[1] All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the Complaint (Doc. 1), and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Complaint (Doc. 1), and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States Attorney. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS ORDERED** that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file,

---

[1] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

nor disclosed by the Clerk.

**IT IS ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

**IT IS ORDERED** that pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on the two Motions for Recruitment of Counsel (Docs. 3, 5).

**IT IS FURTHER ORDERED** that this entire matter is **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1)

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 10, 2017**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**