UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSE A. VARGAS,

    Plaintiff,

v.

LIEUTENANT SMITH and UNITED
STATES OF AMERICA,

    Defendants.

Case No. 16-cv-1376-JPG-SCW

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Jose A. Vargas's late objections to the Report and Recommendation ("Report") (Doc. 30). In the Report, Magistrate Judge Stephen C. Williams recommended that the Court grant the defendants' motion for summary judgment (Doc. 19) on the grounds that Vargas failed to exhaust administrative remedies for his *Bivens* and Federal Tort Claims Act ("FTCA") causes of action. Magistrate Judge Williams issued the Report on January 10, 2018, and objections were due fourteen days later. Vargas had an additional three days since the order was served on him by mail, *see* Fed. R. Civ. P. 6(d), and until the following Monday since that date fell on a weekend, *see* Fed. R. Civ. P. 6(a)(1)(C), so his objections were due January 29, 2018. The Court did not receive them until the following day, and in the meantime, the Court had adopted the Report after conducting a review for clear error. Although Vargas's objections were late, the Court considers whether they would have made a difference had the Court timely received them and reviewed the Report *de novo*.

In the Report, Magistrate Judge Williams found that, although Vargas may have exhausted his remedies for the claims he brought in this lawsuit, he did so after he filed the lawsuit on December 21, 2016. Specifically, he found Vargas exhausted his *Bivens* claims on January 4,

2017, when the Bureau of Prisons Central Office finally responded to his BP-11 form and denied his administrative remedy. He further found that Vargas had exhausted his FTCA claim on March 24, 2017, and March 30, 2017, when the Bureau of Prisons Regional Counsel denied his two administrative claims. Magistrate Judge Williams noted that exhaustion must be completed *before* the lawsuit is filed; exhausting while the lawsuit is pending is not sufficient.

In his objection, Vargas asserts he suffered symptoms of a concussion while he was filing and did not intend to file his lawsuit early. He also argues he was under extreme pressure in the Special Housing Unit when he filed his administrative remedies.

Even considering these objections in a *de novo* review of the Report, the Court finds Magistrate Judge Williams's findings and conclusions were correct for the reasons he explained in the Report. It is clear that Vargas exhausted his administrative remedies *after* he filed this lawsuit. The excuses he offers now are more appropriate to an argument that he should be excused from exhausting or being late because, in light of his mental state and his living environment, he was unable to complete the process on time. However, Vargas completed the process just fine. He did everything he needed to do administratively at the appropriate time and was just impatient by filing suit early. As a consequence, the Court must dismiss this claim for failure to exhaust administrative remedies.

For the foregoing reasons, the Court **OVERRULES** Vargas's objections (Doc. 33) and **DECLINES** to vacate the judgment in this case. The Court notes, however, that the dismissal is without prejudice, so he may try again, at least on his *Bivens* claim. Since the statute of limitations for a *Bivens* lawsuit in Illinois is two years, *Cesal v. Moats*, 851 F.3d 714, 722 (7th Cir. 2017), and the wrong of which Vargas complains occurred in August 2016, Vargas still has time to

refile that claim in a new lawsuit.[1]  It appears he may be too late on his FTCA claim, however, because the FTCA requires that a lawsuit must be filed within six months of the mailing of the denial of the administrative claim.  *See* 28 U.S.C. § 2401.

**IT IS SO ORDERED.**
**DATED:   February 6, 2018**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**

---

[1] Vargas need not concern himself with exhaustion requirements in this new suit since he is no longer incarcerated and the Prison Litigation Reform Act does not require non-prisoners to exhaust administrative remedies.